IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROGELIO MONTALVO | : | CIVIL ACTION |
| --- | --- | --- |
|  | : | NO. 10-2617 |
| v. | : |  |
|  | : |  |
| JOHN DOE I, JOHN DOE II | : |  |
| AND AMERICAN AIRLINES, INC. | : |  |

O'NEILL, J.                                                              JULY 14, 2010

MEMORANDUM AND ORDER

Plaintiff filed a negligence action against defendants in the Philadelphia Court of Common Pleas which defendant American Airlines removed to this Court on June 1, 2010. Defendant now moves to dismiss plaintiff's complaint. I have before me defendant's motion, plaintiff's opposition and defendant's reply. For the following reasons defendant's motion will be denied.

BACKGROUND[1]

On September 23, 2009, plaintiff was a passenger on American Airlines Flight 1738 from San Juan, Puerto Rico to the Philadelphia International Airport. After the flight had landed, plaintiff was disembarking from the aircraft onto the jet bridge when "he was caused to trip and fall by reason of a dangerous condition of the jet bridge." Compl. ¶ 9. Plaintiff sustained serious permanent injuries. Plaintiff alleges defendants American Airlines and its ramp agents: failed to properly attach the jet bridge to the body of the aircraft; allowed unsafe gaps to exist between the jet bridge and the aircraft; failed to lock the jet bridge into place; failed to ensure that the jet

---

      [1]     I accept as true all well-pleaded facts in plaintiff's complaint together with reasonable inferences that may be drawn therefrom. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

bridge was level with, and remained level with, the aircraft; failed to use an auto-leveling device on the jet bridge; failed to ensure that the auto leveling device on the jet bridge was in proper working order; failed to ensure that the auto leveling device on the jet bridge was turned on prior to allowing plaintiff to depart from the aircraft; failed to monitor the functions of the jet bridge and its component systems; failed to inspect the jet bridge; and failed to warn plaintiff of the existence of a gap between the jet bridge and the aircraft. Compl. ¶ 17. With respect to defendant American Airlines alone, plaintiff additionally alleges that it: failed to properly train ramp agents on issues related to passenger's safety and jet bridges; failed to properly supervise ramp agents; failed to employ properly working jet bridge equipment; failed to provide necessary safety equipment such as a jet bridge adapter; failed to inspect all necessary safety equipment to ensure that such equipment was in good working order; and allowed necessary equipment to be in, and remain in, a state of disrepair. Compl. ¶ 19.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that

discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## ANALYSIS

Defendant argues that plaintiff has failed to meet the standard set forth in Twombly and Iqbal because plaintiff does not identify the alleged "dangerous condition" that caused him to fall

3

or the location of the accident.  Defendant contends that the absence of these two facts from the complaint leaves defendant to speculate as to the nature of plaintiff's claims.

Plaintiff has sufficiently alleged facts to make out a claim of negligence.  First, with respect to location, plaintiff alleges that the accident occurred while disembarking from Flight 1738 on September 23, 2009 at the Philadelphia International Airport.  It is within American's knowledge to determine which gate number and terminal was assigned to that flight.  Second, plaintiff's allegation that a "dangerous condition" caused him to fall is sufficient "'to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  <u>Wilkerson</u>, 522 F.3d at 321 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 556).  Plaintiff need not allege all the details of the dangerous condition.  However, I note that the complaint alleges numerous failures on the part of the defendants with respect to the connection–or lack thereof–of the jet bridge to the aircraft and the use of the auto-leveling device.  These allegations are sufficient to put defendant on notice that the injury resulted from a gap between the aircraft and jet bridge.

AND NOW, this 14th day of July 2010, it is hereby ORDERED that American Airline's motion to dismiss is DENIED.

/s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.