IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROGELIO MONTALVO | : | CIVIL ACTION |
| --- | --- | --- |
| | : | NO. 10-2617 |
| v. | : | |
| | : | |
| JOHN DOE I | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE II | : | |
| | : | |
| and | : | |
| | : | |
| AMERICAN AIRLINES, INC. | : | |

O'NEILL, J.                                                                             OCTOBER 5, 2010

## MEMORANDUM

Plaintiff filed a negligence action against defendants in the Philadelphia County Court of Common Pleas. Defendant American Airlines removed to this Court on June 1, 2010 on the basis of diversity of citizenship. Plaintiff now moves to amend his complaint and replace the John Doe defendants with individuals. I have before me plaintiff's motion and defendant's response. For the reasons that follow, I will grant plaintiff's motion and remand the case to state court.[1]

## BACKGROUND

On September 23, 2009, plaintiff was a passenger on American Airlines Flight 1738 S from San Juan, Puerto Rico to Philadelphia. After the plane had landed and as plaintiff was

---

[1] Plaintiff has not filed a motion to remand the case to state court. However, the addition of Etling and Myers as defendants will destroy diversity jurisdiction. Therefore, as I lack any other basis for federal subject matter jurisdiction, I may remand the case to state court sua sponte pursuant to 28 U.S.C. § 1447(e). See C.I.N. Constr., LLC v. Hunt Constr. Grp., Inc., No. 08-5810, 2009 WL 2998965, at *1 (D.N.J. Sept. 18, 2009).

disembarking from the plane "he was caused to trip and fall by reason of a dangerous condition of the jet bridge." Compl. ¶ 9. On May 11, 2010, plaintiff filed a negligence action against American and two unnamed ramp agents, identified in his complaint as John Doe I and John Doe II, in the Philadelphia County Court of Common Pleas. Plaintiff's complaint alleged American and the unnamed ramp agents: failed to attach the jet bridge to the body of the aircraft properly; allowed unsafe gaps to exist between the jet bridge and the aircraft; failed to lock the jet bridge into place; failed to ensure that the jet bridge was level with the aircraft; failed to ensure that the auto leveling device on the jet bridge was in proper working order; failed to ensure that the auto leveling device on the jet bridge was turned on prior to allowing plaintiff to depart from the aircraft; failed to monitor the functions of the jet bridge and its component systems; failed to inspect the jet bridge; and failed to warn plaintiff of the existence of a gap between the jet bridge and the aircraft. Compl. ¶ 17.

On June 1, 2010, American removed the case to this Court on the basis of diversity of citizenship.[2] On August 11, 2010, plaintiff received Rule 26 disclosures from American and learned the names of the two unnamed ramp agents as Beth Etling and Susan Myers.[3] On August 25, 2010, Plaintiff filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a) and substitute Etling and Myers for the John Doe defendants. As both Etling and Myers are citizens of Pennsylvania, their substitution would destroy diversity and result in a remand of this action to

---

[2] Plaintiff is a citizen of Pennsylvania. American is a Delaware corporation with its principal place of business in Texas. The amount in controversy exceeds $75,000. See Notice of Removal ¶ 3 (Doc. 1).

[3] Plaintiff mentions both August 11 and August 12 as the dates when he received American's Rule 26 disclosures regarding Etling and Myers. This inconsistency does not affect my decision on any material issue.

state court. 28 U.S.C. § 1447.

STANDARD OF REVIEW

Amendments to pleadings are ordinarily governed by Rule 15. However, when the proposed amendment would join a non-diverse defendant, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). District Courts possess substantial discretion in deciding whether to join non-diverse defendants after removal. Doe No. 4 v. Soc'y for Creative Anachronism, Inc., No. 07-1439, 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007). However, the removal statutes are strictly construed against removal. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Accordingly, all doubts are resolved in favor of remand. Id.

ANALYSIS

Plaintiff argues his motion to amend is proper because (1) he intended to bring claims against Etling and Myers at the time he filed his complaint in state court but their identities were still unknown to him at the time; and (2) he would suffer significant injury if forced to continue his suit against American only. See Pl.'s Br. at 5-6.

For its part, American contends the amendments were brought solely to destroy diversity and force the case to be remanded to state court. American further argues plaintiff would not be injured by a denial of its amendment because American's insurance coverage is sufficient to cover any potential verdict. See Def.'s Br. at 4.

I.      Fraudulent Joinder

As a preliminary matter, I will address the issue of fraudulent joinder.[4] The plaintiff may choose whom to sue. However, the plaintiff may not fraudulently join a party for the sole purpose of destroying diversity. Boyer, 913 F.2d at 111. In a case involving fraudulent joinder, the court may exercise its discretion to retain jurisdiction despite a lack of complete diversity by dismissing those defendants whom the court finds were fraudulently joined. In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). However, if the court finds the non-diverse defendants were not fraudulently joined, it must relinquish jurisdiction and remand the case back to state court. Id.

Courts in this District have applied two tests in determining whether joinder was fraudulent –one subjective and one objective. Each test is independently sufficient. With respect to the objective test, joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Boyer, 913 F.2d at 111. A claim lacking any colorable basis will be one that is "wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992). The subjective test examines whether the plaintiff has a good faith intention to prosecute the action against the defendants. Boyer, 913 F.2d at 111.

Proof of fraudulent joinder carries a heavy burden of persuasion. Batoff, 977 F.2d at 851. In reviewing a claim for fraudulent joinder, I am not limited to the pleadings but can look beyond them to identify any indicia of fraudulent joinder. Briscoe, 448 F.3d at 219. If the possibility exists that a state court would find the complaint sets forth a valid cause of action against an in-

---

[4] Although neither party discusses the issue in these terms, American's arguments implicitly raise the question of whether the non-diverse defendants were fraudulently joined.

state defendant, I must find that joinder was proper and remand the case to state court. Boyer, 913 F.2d 111.

Under the objective test, I must examine whether plaintiff has demonstrated a reasonable basis in fact to support his claim against Etling and Myers. For the following reasons, I find plaintiff's complaint as well as facts outside the complaint lend sufficient support to his claims against Etling and Myers.

The complaint contains several allegations regarding the failure of American employees to secure the jet bridge to the aircraft properly. Through Rule 26 disclosures, plaintiff has learned that Etling and Myers were the American agents working at the gate where plaintiff sustained his injuries. Accordingly, plaintiff has brought forth facts alleging: (1) American ramp agents failed to secure the jet bridge and caused his fall; and (2) Etling and Myers were the ramp agents working at the gate where plaintiff fell. Based on these facts, it is possible a state court would find plaintiff has established a valid cause of action against Etling and Myers. See Boyer, 913 F.2d at 111. Therefore, I find joinder was proper.

With respect to the subjective test, I will look to plaintiff's motives in joining Etling and Myers as defendants.[5] Although plaintiff did not sue Etling and Myers by name in his original complaint, he identified the ramp agents he believed to be responsible for his injuries as John Doe I and II. His initial pleading shows he planned to pursue claims against Etling and Myers but lacked the information to sue them by name. Further, in the context of a case involving agents of an airline company, plaintiff could not have reasonably assumed the John Doe defendants would be Pennsylvania residents. The John Doe defendants–airline stewardesses who

---

[5] American has not raised any arguments in support of fraudulent joinder.

presumably travel on a regular basis–could just as likely have been citizens of Puerto Rico, or any other state. Therefore, without more, I cannot find that plaintiff included the John Doe defendants in a bad faith attempt to destroy diversity.

II.     Rule 15(a)(1) Motion to Amend the Pleadings

While the Court of Appeals has not yet addressed how to interpret § 1447(e), District Courts in this Circuit follow the multi-factored approach established in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1983). See Midthassel v. Aramark Corp., No. 09-05515, 2010 WL 2521977, at *4 (D.N.J. Jun. 15, 2010); Doe No. 4, 2010 WL 2155553, at *3; Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368 (E.D. Pa. 2002); Kahhan v. Mass. Cas. Ins Co., No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001). When ruling on a Rule 15 motion to amend that would destroy diversity jurisdiction, Hensgens instructs courts to consider: (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend its complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors. Hensgens, 833 F.2d at 1182. These factors were designed to "balance the defendant's interest in maintaining a federal forum with the competing interests of not having parallel lawsuits." Id.

My disposition with respect to the first factor turns on whether plaintiff was aware of the non-diverse defendants when he filed his complaint in state court. When a plaintiff knows about the non-diverse defendant's activities at the time the complaint was originally filed but does not include that person as a party, subsequent attempts to join that person as a party will be viewed as an attempt to destroy diversity. See Salamone v. Carter's Retail, Inc., No. 09-5856, 2010 WL 762192, at *2 (D.N.J. Mar. 5, 2010) (quoting Norplant Contraceptives Prod. Liab. Litig., 898 F.

Supp. 429, 431 (E.D. Tex. 1995)). On the other hand, amendment will be permissible when the identity of the employee responsible for the injuries giving rise to the suit was not known at the time the plaintiff filed the complaint. See Smith v. Truland Sys. Corp., No. 09-1422, 2009 WL 3833980, at *3 (D. Md. Nov. 13, 2009). Subsequent developments and the actions of the parties during the time between the filing of the complaint and the motion to amend can also be relevant considerations. C.I.N. Constr., 2009 WL 2998965, at *12.

Wrongful termination and employment cases help illustrate instances in which a proposed amendment is an attempt to destroy diversity. In Midthassel, the plaintiff sued his employer for wrongful termination in state court. 2010 WL 2521977, at *1. After the employer removed to Federal Court, the plaintiff moved to add his supervisor as a defendant. Id. Several facts persuaded the Court that the amendment was solely intended to destroy diversity. Despite numerous indicators the plaintiff knew the supervisor well, the plaintiff had declined to name him in the initial complaint. Id. The plaintiff had not only worked closely with the supervisor for two years, but the supervisor was also present at the meeting in which the plaintiff was terminated. Id. Further, the plaintiff failed to proffer any new facts that had recently come to light that could justify his failure to name the supervisor in his original complaint. Id. For these reasons, the Court found the amendment was an attempt to destroy diversity. Id.

The first Hensgens consideration weighs in favor of plaintiff because of the substance of plaintiff's complaint and the nature of plaintiff's claim. In his complaint, plaintiff made allegations against the John Doe defendants but merely lacked their names. Compare Doe No. 4, 2007 WL 2155553, at *3 (finding plaintiff was aware of identities of non-diverse defendants because plaintiff specifically referenced non-diverse defendant by name several times in his

7

complaint). Unlike employment cases, where the plaintiffs and defendants are often co-workers and know each other, there is no expectation in a negligence case arising out of an accident at the airport that plaintiff would know the names of the ramp agents on his flight. Instead, plaintiff would need to conduct discovery to learn the names of the ramp agents. Plaintiff's initial complaint, which did not reference the agents by name or indicate in any way that he knew their names, supports this contention. Compare Midthassel, 2010 WL 2521977, at *5. American has produced no evidence to the contrary.[6] I find the first Hensgens factor supports the plaintiff.

The second Hensgens factor requires me to decide whether the amendment was dilatory. See Midthassel, 2010 WL 2521977, at *3 (stating delay will be dilatory when its purpose is to unnecessarily prolong litigation). I may consider both the length and nature of the delay. Id. In this case, three months elapsed between the date on which plaintiff filed his complaint in state court and the date on which he moved to amend his complaint. I find three months was reasonable here, especially in light the fact that plaintiff moved to substitute Etling and Myers within two weeks of learning the names of the John Doe defendants. I therefore find plaintiff's amendment was not intended to prolong litigation, nor did it do so. See id.

For the third factor, I must consider whether denial of the amendment will significantly injure plaintiff. In a state law negligence action, it is reasonable for the plaintiff to "name the employer that may be liable under respondeat superior and the employee who engaged in the

---

[6] American's contentions that plaintiff telegraphed his intention to destroy diversity by attempting to join Etling and Myers as soon as his choice of forum was threatened are unpersuasive. See Def.'s Br. at 5. Plaintiff had already included the ramp agents as defendants John Doe I and II when he filed in state court. He lacked their real names when he filed in state court and did not learn their names until receiving Rule 26 disclosures from American. Therefore, plaintiff has merely moved to substitute Etling and Myers for the John Doe defendants and is not seeking to add new defendants.

conduct at issue." Acerra v. Whirlpool Corp., No. 09-5402, 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010). Although the judgment may ultimately be satisfied by the employer, the plaintiff may still need to name the employee as a defendant in order to protect against the possibility that "(1) the employer may disavow culpability for the conduct, (2) the employee may not cooperate with discovery or other aspects of litigation if the employee is not named, or (3) the employee may no longer be employed by that employer." Id.

I find the reasoning in Acerra applicable here. Regardless of American's capacity to pay a potential judgment, plaintiff has the right to pursue claims against any potentially liable parties. He should also be allowed to protect himself against the chance that Etling or Myers are found to be outside the scope of their employment or the possibility that American disavows liability for the conduct of Etling and Myers. At a more fundamental level, plaintiff would be prejudiced by the dismissal of Etling and Myers because that would render him unable to collect a judgment from them. See Humphries v. Kroger Co., No. 5:06-2, 2007 WL 533724, at *2 (S.D. Miss. Feb. 15, 2007) (finding substitution of non-diverse employee was not sham substitution to defeat diversity jurisdiction because employee remains liable to plaintiff regardless of possible liability of employer under respondeat superior). Additionally, if I were to deny plaintiff's motion to substitute Etling and Myers as defendants, plaintiff would need to file a separate action in state court to recover against them See Def.'s Br. at 6. Plaintiff would suffer economic prejudice in maintaining parallel actions in federal and state court. See City of Perth Amboy v. Safeco Ins. Co. of America, 539 F. Supp. 2d 742, 749 (D.N.J. 2008) (recognizing economic prejudice in requiring plaintiff to litigate same case in state and federal court). Therefore, I find the third Hensgens factor favors allowing the amendment.

Other considerations also favor allowing plaintiff's amendment. A potential action against Etling and Myers in state court would involve the same facts and legal issues as the federal case against American. Parallel lawsuits would not only result in economic prejudice to plaintiff, but would also be a waste of judicial resources. See id. Additionally, because I would apply state law, American is not prejudiced by a decision to remand to state court. There is no significant federal interest here that would overcome the preference for state courts to apply the forum law. See Kahhan, 2001 WL 1454063, at *3.

## CONCLUSION

I will grant plaintiff's motion to substitute Etling and Myers as named defendants. Because the presence of Etling and Myers will destroy diversity, I will remand this action to state court.

An appropriate Order follows.